Pearson, C. J.
 

 All of the positions taken in support of the motion to dismiss (or quash) the attachment, because of supposed defects, either in the affidavit or bond, are untenable, for the statute which originates the proceeding by attachment, expressly provides “that every attachment issued without bond and affidavit, taken and returned as aforesaid, shall be abated on the plea of the defendant;” thereby excluding
 
 a motion to quash.
 
 And, herein is a marked distinction between an attachment for debt, and one for damages, where the person or property is injured. The statute in the latter case enacts that “ for such defects the proceeding shall betyoid, and the Court shall not proceed therein.” Rev. Code, ch. 7, sec. 3 and 17;
 
 Webb
 
 v.
 
 Bowler,
 
 5 Jones’ Rep. 362.
 

 But the objection, that it nowhere appears, and is not averred on the face of the proceeding that the plaintiff is a
 
 resident of this State,
 
 to whom alone, the remedy by attachment ment- is given against debtors who are inhabitants of another government, (Rev. Code, ch. 7, sec. 2,) is not so readily disposed of; for it raises a question of jurisdiction: and, although
 
 *120
 
 the Court of Pleas and Quarter Sessions, to which the attachment was returned, has a general jurisdiction in respect to debts, still the proceeding by attachment is in derogation of the common law, and must be
 
 limited
 
 by the provisions of the statute; so that an attachment against an inhabitant of another government, can only be entertained by the Court in a case where the plaintiff is a resident of this State; and the question is: that fact not being averred, and not appearing on the face of the proceedings, should the Court “proceed” until the plaintiff has an opportunity of making an averment of the fact in his declaration? or should it quash the proceeding on the motion of the defendant?
 

 This Court is of opinion that the proceeding may be quashed on motion, provided it be supported by an affidavit that the plaintiff is not a resident of this State, so as to present a preliminary question of fact, on which depends the jurisdiction of the Court. But, a motion, unless so supported, cannot be sustained. Por, as we have seen, the justice of the peace was authorised to issue the attachment, the bond and affidavit being given, and the statute does not require that the fact of the plaintiff’s being a resident of the State, should be set out in the affidavit, and if the attachment properly issued without this fact appearing, it follows that a naked motion to quash because it does not appear, ought not to be entertained; for, if so, the attachment ought not to have been granted. Hence, we conclude that the motion must be supported by an affidavit, so as to present an issue upon a fact, which the plaintiff, according to the form of proceeding, prescribed by the statute, was not required to aver beforehand, and which, in fact, he had no opportunity to aver, and, therefore, if the defendant makes a motion on this ground, in anticipation of the declaration wherein the fact may be averred, the motion should be sustained by affidavit. No affidavit being made in this case, the Court below erred in quashing the attachment. Order reversed and procedendo.
 

 Per Cupiam,
 

 Judgment reversed.